(INND Rev. 8/16)

FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

19 FEB 13 AM 11: 13

[This form is for non-prisoners to file a civil complaint. NEATLY print in ink (or type) your answers.]

FOR THE NORTHERN DISTRICT OF INDIANA

Mr. Eric J. MAPES
_____
[You are the **PLAINTIFF**, print your full name on this line.]

v.

The State of Indiana
_____
[The **DEFENDANT** is who you are suing. Put ONE name on this line. List ALL defendants below, including this one.]

Case Number _____

**1:19CV 51**

[For a new case in this court, leave blank. The court will assign a case number.]

[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.]

## CIVIL COMPLAINT

| # | Defendant's Name and Job Title | Address |
|---|---|---|
| 1 | [Put the defendant named in the caption in this box.]<br>Terry Curry, Prosecutor | 251 E Ohio St #160<br>Indpls,IN 46204 |
| 2 | [Put the names of any other defendants in these boxes.]<br>Indianapolis Metropolitan Police Department<br>Marion County<br>Timothy Otsu, LCSW  , ESKANZI | 50 N. Alabama St, Indpls,IN 46204<br>40 S. Alabama St, Indpls,IN 46204<br>720 Eskenazi Ave , Sidney & Lois Eskenazi<br>Hospital Indpls, IN 46202 |
| 3 | CVS | 3808 E Washington St<br>Indianapolis, IN 46201 |

[If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and address of each defendant in a separate box as shown here.]

1. How many defendants are you suing? _4 or more_

2. What is your address? _4822 E. Michigan St #4 , Indpls ,IN 46201_

3. What is your telephone number: (_360_) _660-8296_

4. Have you ever sued anyone for these exact same claims?

    &#x2713; No.

    ◯ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

**DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how these events happened.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT**: Include the names of minors, social security numbers, or dates of birth.

DO: Use each defendant's name every time you refer to that defendant.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. I went to CVS on 1/21/2019 to pickup a MoneyGram Service I was sent to help assist me me with getting seasonal allergey medication amd laundry money for my family. Prior to this date in 2018 , I went to a different CVS location and a store manager refused services ...I made my cocnerns known regarding the services not recieved. The manager did not call the police for making a valid opposion and concern Shortly after that first experience at a differnet CVS I  contact the Company through their resolutions channels with my concerns The CVS Regional an/or Divisional manager did appologize for my unpleasant experience and assured me I was allowed at CVS for moneygram and they couldn't refuse services. The man then told me as long as the amount was under 100$ i would have no problems. Instead of going to that CVS I went to a different one, one i generally use every month and throughout every month to pay my rent and bills because that is where my Federal Disability banking services are also locate(ATM). On the 21st the employee of CVS refused a service for a 80$ moneygram and when I did bring up my concerns and asked to speak to the manager the employee became rude and daid she was the manager and threatened to call police on me I then explained to the manager I was assured by another CVS REP that i was assured this service and also knowing CVS had a contract to provide that service after communications with the Comapny. The manager then called police. Once police arrived I told them my concerns The officers stated they were very familair with the American's With Disabilties Act  After speaking with officers and them asking me to leave I left and headed towards my vehicle I was then jerked from behind and cuffs were put on me. I asked to speak to the Ranking officer

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Claims and Facts (continued)

the officer complied and when the Sgt came out and spoke with me he stated I was tresspassing

and that CVS was private property and  I a disabled person ws being arrested for criminal

tresspass. The Poplice claimed I had no actual interest to be there at all(See MOTION Attached)

While in Marion Copunty Jail I made aware I was disabled and had nerve damage in my back

was assualted by guards and not given proper medical treatment

## PRIOR LAWSUITS – Have you ever sued anyone for this exact same event?

&#9745; No.

&#9711; Yes, attached is a copy of the final judgment OR an additional sheet listing the court,
case number, file date, judgment date, and result of the previous case(s).

## RELIEF – If you win this case, what do you want the court to order the defendant to do?

I would want the Defedant's to stop bullying and abusing mentally disabled americans

by upholding the law they are required to when dealing with disabled people. I would want

mere apologies to stop and a change of action and behavior to be shown because they are

the ones that sets examples for the public. I also would want an attorney to help me

figuring out all the Court should order the defendant to do.

## FILING FEE – Are you paying the filing fee?

&#9711; Yes, I am paying the $400.00 filing fee. I understand that I am responsible to notify the
defendant about this case as required by Federal Rule of Civil Procedure 4. [*If you want the
clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk.*]

&#9745; No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the
defendant about this case.

[*Initial Each Statement*]

_EM_   I will keep a copy of this complaint for my records.

_EM_   I will promptly notify the court of any change of address.

_____   I declare **under penalty of perjury** that the statements in this complaint are true.

Signature _____          Date 2/11/2019

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

IN THE
UNITED STATES DISTRICT COURT
FOR THE_____DISTRICT OF INDIANA

| | |
|---|---|
| Mr. Eric J. MAPES )<br><br>    Petitioner/Plaintiff, )<br><br>vs. )<br>    )<br>The State of Indiana )<br>Terry Curry, Prosecutor )<br>CVS )<br>Marion County Court and Jail )<br>Timohty Otsu, Eskanzi )<br>    Defendant(s) ) | CASE NO._1:19CV51_ |

      Now Comes, Mr. Eric J. MAPES and presents a Federal Question pursuant to 28 U.S.C. § 1331. This question is supported by Article III of the Constitution permits federal courts to adjudicate only actual cases or "controversies". Lewis v. Continental Bank Corp. , 494 U.S. 472, 477 (1990). Mr. Eric J. MAPES has/is suffering, and has been threatened with, an actual injury traceable to the State of Indiana's actions, and understands that the federal court must be able to grant effectual relief Mr. MAPES is seeking to have the matter brought by the State dismissed since it conflicts with the rights and protections of Mr. Eric J. MAPES a disabled man , under the American's With Disabilities Act. The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

## I. FACTUAL BACKGROUND

1. On May 23, 2018, 11:06 AM Mr & Mrs MAPES contact Melissa Coxey IMPD Attorney regarding some very concerning issues regarding IMPD harassing Mr & Mrs MAPES while at their post office receiving their mail and OIG complaints where being addressed. Also on 23, May, 2018 around or about 13:51 Mr./ MAPEs disclosed with Melissa Coxey valid disability facts and what this unwanted stress does.(via e-mail have records)
2. On June 12 , 2018 4:53 PM Mr & Mrs. MAPES again contacted Melissa Coxey regarding the ongoing concerns of IMPD harassing Mr & Mrs MAPES in places of public...as well disclosed again medical disability information.
3. On Tue, Jun 19, 2018, 2:30 PM Mr & Mrs MAPES contacting Melissa Coxey regarding DP180060469-0000 regarding incident offense 35-42-2-A:BATTERY where IMPD was refusing equal protections of law on direct basis of disability allowing another citizen to physically accost Mr. MAPES while that citizen was acting out in anger towards Mr & Mrs MAPES for bringing up concerns regarding a rental property this company had available.
4. On Tue, Jun 19, 2018, 2:30 PM Mr MAPES again contacted Melissa Coxey as well Terry Curry, Marion County Prosecutors office regarding the negligent treatment of a disabled man pertaining to DP180060469-0000 regarding incident offense 35-42-2-A:BATTERY. Even around that time employees of the Prosecutor's Office where using Mr. MAPES' speech disorder against him as well symptoms of his disability and for making valid opposition.
5. On April 19, 20218 Mr & Mrs MAPES provided proof of the OIG complaint as well the unnecessary involvement of IMPD aiding in the ongoing interference of U.S. Mail services with

1.

threats of arrest and retaliation against Mr. & Mrs. MAPES.

6.  On August 8, 2018, 3:29 PM Mr MAPES provided further medical records to Melissa Coxey affirming his speech disorder/disability and other medical conditions(Disability Conditions).

7.  Aug 9, 2018, 1:49 PM Mr & Mrs MAPES again contacted Melissa Coxey regarding IMPD and local Township office working together refused access to courts over another matter and threatened arrest over Mr & Mrs MAPES' right to be heard in a Court ( See USDOJ Referral # US DOJ Referral and Reference CTS#646286) regarding Housing accessibility and disability rights issues over landlord Tenant matters shown police aided in those as well.

8.  On Aug 10, 2018, 9:55 AM further concerns addressed with Melissa Coxey regarding disability and human rights and the actions of IMPD leading up to this point.

9.  On Aug 14, 2018, 10:53 AM IMPD officials were interfering with services and using Mr MAPES' disability and speech disorder disability to vindicate further discrimination and abuse concerns were sent to Melissa Coxey with valid audio proof.

10.  A Final Notice of ADA Non-Compliance was sent to both Terry Curry and Melissa Coxey regarding  all these appalling events and IMPD harassment on August 19, 2018, 1:28 PM.

11.  On Oct 4, 2018, 12:19 PM Mr & Mrs MAPES once again contacted Melissa Coxey regarding concerns of IMPD  officers harassing Mr. MAPES for other out of state law enforcement( See Eric J. Mapes v.State of Texas (0:18-pcf-50864 5th Cicuirt ) which is a still ongoing matter involving actual innocence and wrongful conviction that Mr. MAPES has even tried addressing in this State because they do fall under Constitutional law) and video evidence of these Officers of IMPD was provided as well.

12.  There are more e-mails regarding these ongoing concerns of IMPD offciers harassing and abusing a disabled man in places of public covered under both Title III and Title II of the Americans with Disabilities Act as well Sec 504 of the Federal Rehabilitation Act.

13.  We have more lists and concerns that were brought up to the aforementioned parties and records to validate this statement. As well, A Citizens Police Complaint Board/Office Complaint 18-069 was filed against IMPD prior to 1/21/2019.

14.  On 1/21/2019 Mr. Eric J. MAPES went to CVS for an actual "interest"…. He was picking up a MoneyGram service ( "contractual" - CVS and MoneyGram) as well the " contractual interest of his banking services(Federal Disability Income) also showing ALLPOINT is at all CVS locations in Marion County to the best of Our knowledge.  It is uncertain how a "licensed agent" for MoneyGram i.e. a CVS Manager that is bound under another contract to provide those services. We guess telling a disabled person that they(CVS) don't have money for a service they are in fact contracted to provide and that is in fact the services MoneyGram deals in justifies the Manager calling police for Mr. Eric J. MAPES bringing up valid concerns regarding a paid for service refused by a licensed MoneyGram agent that did in fact state I don't have the money and I don't have to provide you services I'm contracted to provide. It is also uncertain why CVS and MoneyGram both have agreeances to uphold the laws of the United States in their general operations and functions. Because of those very agreeances Title III of the ADA(American's With Disabilities Act). As many Corporations are bound in contractual interests agreeances with the United States as well all States are. Take for example , "Settlement Agreement between the United States of America and Wal-Mart Stores, Inc. Under Title III of the Americans with Disabilities Act"  It is uncertain how a CVS employee as well a licensed MoneyGram agent would call police and retaliate for Mr. Eric J. MAPES making a valid concern/opposition regarding services. It's unfortunate a CVS employee did in fact cause a Disabled American to be arrested on 1/21/2019 at 3808 E. Washington St., Indianapolis, IN 46201 and while under arrested costed Mr. MAPES to incur irreparable harm and actual physical injury and financial burdens. Because of this CVS employees conduct a disabled man is facing charges of criminal trespass as well after being assaulted by Marion County Employees on direct basis of his disability and cognizance of physical and other disability factors beforehand. ( See **State of Indiana v Eric Mapes ; Case No.: 49G08-1901-CM-002715**)

2.

Mr. MAPES understands to the best of his knowledge the Criminal Trespass statute criminalizes several categories of conduct relating to one person's interference with another's property. See generally Ind. Code § 35-43-2-2. In this case, the State charged the defendant with Criminal Trespass for violating  Section 35-43-2-2(a)(2), which makes it a crime for a person who, "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent." [1] Thus, the State must prove that the defendant (1) knowingly or intentionally (2) refused to leave (3) the real property (4) of another person (5) after having been asked to leave (6) by the person or the person's agent (7) when such defendant lacked a contractual interest [2] in the real property. [3] . In the State of Indiana v. Eric Mapes IMPD and the State have alleged that Mr. Eric J. MAPES had no interest and no contractual interest.[See Attached EXHIBITS of actual interest as well the contractual interest]

15. On 1/23/2019 around or about 12 unreasonable circumstance and unwarranted contact created by IMPD working with Mr. Timothy J. Otsu, LCSW (Sidney & Lois Eskanzi is in Fact Covered under Title II of the Americans with Disabilities Act)) continued to insist medication subjects in his topic for discussion and how Mr. MAPES would regret it if he didn't allow them to do something shortly after IMPD causing irreparable harm on 1/21/2019 and the complaints prior ro these dates with other divisions and entities(28 C.F.R. 35.134 ; 42 U.S.C. 12203) especial;y when Mr Otsu was given a Medical finding and information on what stress does to someone with a disability like Mr. MAPES'. Those valid and accredited medical facts that were e-mailed to Mr Otsu on 10/4/2018 at 18:41. That documentation shows stress actually impairs the brain causing it to flood with a chemical called cortisol actually damaging the hippocamus. It is uncertain as to why Mr. Otsu would them on 1/23/2018 around or about 12:00 cause stress and unwanted emotional stress(Shaumber v. Henderson , 579 N.E.2d 45 2, 456 (Ind. 1991) to Mr. MAPES who was in bed resting after being assaulted by IMPD and other Marion county individuals on direct basis of Mr. MAPES' disability.( IC 35 - 31.5 - 2 - 204.5).It's also uncertain why IMPD would allow Mr. Otsu to Harass( IC 35-45-10-2 "Harassment" defined Sec. 2. As used in this chapter, "harassment" means conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress.) Mr. & Mrs MAPES at their home when complaints have been filed against IMPD prior to 10/4/2018. Both IMPD and Mr Otsu has in fact engaged in "extreme and outrageous" conduct that intentionally and recklessly caused severe emotional distress to Mr. MAPES on direct basis of his disability. (Creel v. I.C.E. Assoc., Inc. , 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002); Haegert v. McMullan,No. 82A01-1008-CT-470,2011 WL 4349391, at *10 (Ind. Ct. App. Sept.19, 2011).

## II. AUTHORITY

A. Getting straight to the point, The Americans with Disabilities Act Title III and Title II are shown that Mr. Eric J. MAPES,a disabled man, is in fact a protected class under the law. The following private entities are considered public accommodations for purposes of this title [42 USCS §§ 12181 et seq.], if the operations of such entities affect commerce, including: a laundromat, dry-cleaner, bank, barber

3.

shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment. 42 USCS § 12181.

B. CVS is in fact an entity covered under Title III of the American's with Disabilities Act .((42 U.S.C. 12181; 28 CFR Part 36)(Authority: 5 U.S.C. 301;28 U.S.C. 509, 510; 42 U.S.C. 12186(b).)

C. As well the Court, Terry Curry, Marion County and IMPD are all covered under Title II of the Americans with Disabilities Act that is supported by CRT Docket No. 105; AG Order No. 3180- 2010] ,RIN 1190–AA46 Nondiscrimination on the Basis of Disability in  State and Local Government Services .AGENCY: Department of Justice, Civil Rights Division.  ACTION:Final rule.

D. In Washington v. Harper, 494 U.S. 210(1990) ; Riggins v. Nevada, 504 U.S. 127(1992) ; and Sell v. Untied States, 539 U.S. 166(2003) the Supreme Court held that the right to refuse medication is guaranteed by the Fourteenth Amendment's Due Process Clause): Supreme Court : "A State cannot constitutionally confine,without more, a non-dangerous individual who is capable of surviving safely in freedom by himself or with help of willing and responsible family members or friends, and since the jury found, upon ample evidence did so confine respondent, it properly concluded that the petitioner had violated respondents right to liberty. ( U.S. Supreme Court O'CONNOR v, DONALDSON 422 U.S. 563(1975). " In this instance the respondent would be Mr. MAPES. Unless extraordinary circumstances exist, a "competent" person has the right to refuse to accept the type of intrusive treatment recommended here. An institutionalized patient should have the same right as one free in society. To deny mentally ill individuals the opportunity to exercise that right is to deprive them of basic human dignity by denying their personal autonomy. ( JARVIS v LEVINE Minn: Supreme Court, 1988)

---

1] The word "property" as used in the term "contractual interest in the property" refers to the real property from which the defendant refused to leave, as indicated by the use of the article "the" before the word "property." See Ind. Code § 35-43-2-2(a)(2).

2] The term "contractual interest in the property" is not defined by the Criminal Trespass statute or elsewhere in the Indiana Code. When interpreting a statute, we presume that the legislature intends the common and ordinary meaning of the words it uses. Spaulding v. Int'l Bakers Servs., Inc., 550 N.E.2d 307, 309 (Ind. 1990); Foremost Life Ins. Co. v. Dept. of Ins., 274 Ind. 181, 186, 409 N.E.2d 1092, 1096 (Ind. 1980). The word "interest" is used as a noun in Section 35-43-2-2 and is modified by the adjective "contractual." See Ind. Code § 35-43-2-2(a)(2). An "interest" is a "right, title, or legal share in some-thing." Webster's Third New International Dictionary 1178 (1976). Something is "contractual" if it is "of, relating to, or implying a contract," and a contract is "an agreement between two or more persons or parties to do or not to do something." Id. at 494–95. Therefore, a "contractual interest in the property" is a right, title, or legal share of real property arising out of a binding agreement between two or more parties.

3] Although the State disputed the issue at oral argument, the lack of a contractual interest in the real property at issue is a material element of the offense that the State must prove beyond a reasonable doubt as part of its prima facie case. See Goodpaster v. State, 273 Ind. 170, 175, 402 N.E.2d 1239, 1242 (1980) (holding that the lack of a contractual interest is a material element of criminal trespass under Indiana Code Section 35-43-2-2(a)(5), which reads "not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without the person's consent"); accord Fleck, 508 N.E.2d at 540. This conclusion is evident from the fact that, in determining whether a statutory exception is a material element or an affirmative defense, we assess the location of the exception relative to the location of the definition of the principal offense. If the exception is closely connected with the clause creating the offense, the exception is a material element of that offense and must be proven by the State. Russell v. State, 50 Ind. 174, 174 (1875). If, however, the exception is contained in a subsequent clause or statute, the

3.

However, the DOJ has attempted to clarify the differences between a psychiatric service and an emotional support animal, defining psychiatric animals as ones that "help persons with psychiatric and neurological disabilities by preventing or interrupting impulsive or destructive behaviors." 28 C.F.R. § 35.104 (2016). Mr MAPES does in fact have a service animal prescribed by a Dr. Mr MAPES ALSO HAS A HISTORY OF LIVER DISEASE PREVENTING HIM FROM TAKING MANY MEDICATIONS. It's uncertain how Timothy Otsu working would IMPD would harass Mr. MAPES at his home while he was resting awaiting to see Dr.'s after being assauledt in the Marion County Jail.

## III. QUESTION(S) PRESENTED

1. Question: To resolve an accessibility issue, does the State of Indiana uphold the laws of the America's With Disabilities Act and so being, how can law enforcement act as bouncers to deny access to services protected under U.S. and Federal laws and call accessing a service criminal tresspass?

2. Since a Judge/Magistrate of Marion County Court has in fact denied Mr. Eric J. MAPES access to his banking services that are in fact located at CVS as well all CVS's in Marion County on 1/23/2019 by exparte hearing,  Under what circumstances may a Court use someone's disability symptoms and conditions to dissuade other audiences to deny access on the basis of a speech disorder, hearing loss, and disability that they were made aware of and had knowledge of in Court records requesting ADA accommodations and requests for expert counsel to ensure that the substantive due process was upheld regarding the?

3. Also how may a Court bully and abuse a disabled man by threats of loss of liberties, fines(42 U.S.C 407(a) for trying to pickup up a service paid for  and negate all Mr. Eric J. MAPES' rights and show and state it's only how he feels and haven't taken any of his rights literal?

4. How may a State exclude and ostracize someone because they are disabled on direct basis of disability?

## IV. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

Issue one--The Due Process clause of the Fifth and Fourteenth Amendments, which provides that "no person shall be deprived of life, liberty, or property without due process of law.; and No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. CONST. AMEND. V, XIV.

Issue two--deliberate ignorance-- is based upon the Due Process Clause, Equal Protections Clause, To be free from cruel and unusual punishment, and ADA(Americans with Disabillities Act), as well as the text of relevant statutes:28 C.F.R. 35.134;28 C.F.R. § 35.164; IN CONST. ART. 1 SEC. 12; ; 42 U.S.C. §§ 12131-34; 28 C.F.R. § 35.160(a) (2003)) ; 42 U.S.C. § 12115; 42 U.S.C. § 2000a(a) ; 42 U.S.C. § 2000a-6(a); 28 U.S.C. § 1331 ; FRCP 4.3.13; 28 C.F.R. § 36.206; Section 504 of the Rehabilitation Act of 1973 ('Section 504") ; 42 U.S.C. § 12203; 18 U.S.C. § 242; ; ; CANONS 1, 2,3,3.6; 42 U.S. Code 12182(b)(1)(E); IC 35-31.5-2-292(4); 18 U.S.C. § 241 ; 42 U.S.C. § 407(a) Title II, Section 207 of the Social Security Act of 1935; 28 U.S.C. 1915(a)(1) ; 42 U.S.C. § 9902(2); Public Services Act § 12101(a)(3); 28 C.F.R. § 35.130(b)(1)(iii), (vii) ; 42 U.S.C. § 12101(b)(1); 42 U.S.C. 12203and Article VI of the United States Constitution

---

3] Cont. … exception is an affirmative defense that must be raised by the defendant. Id. Here, the contractual interest exception is part of the clause creating the offense and thus is properly considered a material element of Criminal Trespass under Section 35-43-2-2(a)(2).

## V. STATEMENT OF THE CASE

I ,Eric J. MAPES, Declare As my own representative payee (rep. payee) I have a fiduciary duty to act in the best interest of the beneficiaries that you(I) are serving(meaning myself). (20 CFR § 416.635 ; SSA POMS GN 00502.114 ('POMS' is a manual that SSA staff rely on to explain what they must do to comply with Social Security regulations .)The three major responsibilities of the rep. Payee can broadly be categorized as: money management; accounting and reporting obligations; and " advocacy "( Disability Rights) "which is not a Sovereign Citizen". Mr. Eric J. MAPES has been falsely labeled under Eric Mapes(Libelous and Slanderous Defamation) by this State ( The State of Indiana and Court in it's current course of concerning actions.) My primary responsibility as the rep. payee is to ensure that the beneficiary's(I, Eric J. MAPES) basic needs are met. (20 CFR § 416.640) These needs include housing, food, clothing, healthcare, and comfort items. SSI funds should always be used to pay for those needs first before meeting the beneficiary's other financial obligations, such as repayment of existing outstanding debts.( 42 U.S.C. § 407; 20 CFR § 416.640(d)) However it's unfortunate the State of Indiana , IMPD after complaints were sent on numerous occasion(28 C.F.R. 35.134; 42 U.S.C. 12203) and has caused greater debt through out this time and hardship and allowed abuse over protected finances through "legal processes" to further BULLY Mr. Eric J. MAPES , I guess being new to a State is like being the new kid in school that gets bullied by those that are suppose to uphold the public trust. When did betterment of self become illegal in this country that's like ostracizing someone for exercising, jogging, riding a bike, etc. Being a rep. payee is not just acting as a fiduciary. It also means that you must also be the beneficiary's advocate when it comes to protecting his or her SSI funds.(POMS GN 00502.114) The right to counsel has long been recognized in the criminal context in this country which the Marion County Cpourt has not honor and have tried to force Mr. Eric J. MAPEs to a sdtressfull and hostile environment without accommodations because those types of environments are adversly harmful for someone with Mr. MAPES' disabilities and conditions the Court has failed to honor and understand. (Gideon v. Wainwright, 372 U.S. 335, 342–43 (1963) and its progeny (see, e.g., Argersinger v. Hamlin, 407 U.S. 25 (1972) (extending right to counsel to misdemeanor cases); Escobedo v. Illinois, 378 U.S. 478, 490–91 (1964) (extending right to counsel to uncharged suspect); Douglas v. California, 372 U.S. 353, 357–58 (1963) (extending right to counsel to direct appeals)).)

Mr. Eric J. MAPES' rights to accessing services of a place of public accommodation on direct basis of disability and disability related symptoms where he did in fact have interest as well contractual interest to be there was  used by  IMPD to justify arresting and causing loss of liberties that did caused great unwanted emotional distress to a disabled American and how they felt the need to treat him. Mr. Eric J. MAPES also was denied adequate health services while being in jail after officers knew of his never damage in his back and decided to put their knee in his back causing further injury to Mr. MAPES' spine and refuse adequate and efficient health care and treatment the Marion County Jail chose to harm Mr. MAPES. The officers of the jail didn't honor his rights as a disabled man nor his symptoms that continued to be used against him to justify them harming Mr. MAPES physically without allowing any reasonable accommodation. Mr. MAPES while was denied health care services for the injury they caused to his spine by Marion County Employees. Mr. MAPES continues to show and bring up an on-going violations of federal law because even the Court refused Mr. MAPES'; request for extension knowing he had medical reason injuries created by other Marion County employees  to not be there( Disability rights and abuse) and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296, 117 S. Ct. 2028, 138 L. Ed. 2D 438 (1997)). The Court has DENIED everything filed on public records witout giving any reason when Mr. MAPES has brought up this concern to the ~~~Court's regarding Disability Rights accessibility in Places of Public Accommodation.

It has been well settled and concluded by the U.S. Supreme Court to be not only fundamental but as well Constitutionally valid that all entities cover by Title II of the ADA and Sec 504 of the rehabilitation Act where infringed upon by Marion County Jail. Prisoners are protected by § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and by Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.(See Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998) (ADA); Onishea v. Hopper, 171 F.3d 1289 (11th Cir. 1999) (Rehabilitation Act); Bonner v. Lewis, 857 F.2d 559 (9th Cir. 1988) (Rehabilitation Act).) The Rehabilitation Act was created to apply to federal executive agencies, including the Bureau of Prisons, and to any program that receives federal funding. The ADA was created to regulate state and local government programs, even those that do not receive federal funding. The Supreme Court recently held in Goodman v. Georgia that Title II of the ADA validly abrogates state sovereign immunity – as least insofar as it creates a private cause of action for damages for conduct that actually violates the Fourteenth Amendment.(126 S.Ct. 877 (2006). This means that a disabled prisoner who is incarcerated in state prison or county jail may sue the state for monetary damages under the ADA based on conduct that independently violates the Due Process Clause of the Fourteenth Amendment (incorporating the Eighth Amendment's prohibition on cruel and unusual punishment). How Marion County jail employees treated Mr. MAPES was very cruel and inhumane. inmates and arrestees have sued to be able to use prison showers and toilets and to be protected from injury or the risk of injury. ( Gorman v. Easley, 257 F.3d 738 (8th Cir. 2001) (injury during transportation by police in vehicle without wheelchair restraints); rev'd on other grounds, Barnes v. Gorman, 536 US 181 (2002);Kaufman v. Carter, 952 F.Supp. 520, 523-24 (W.D. Mich. 1996) (failure to provide access to bathrooms and showers). Marion County Jail did nothing of the sort , it allowed it's jailers to actually physically harm and abuse.  Notably, a person who holds no public office but participates substantially in the operation of government(Courts, employees of Courts, Jailers, etc), e.g., apolitical party leader, may be subject to prosecution under an "honest services"theory. (See, United States v. Margiotta, 688 F.2d 108 [2d Cir. 1982]). . . . to deprive another of the intangible right of honest services." (18 USC §1346). Like Title II, § 12189 imposes an affirmative obligation on public entities. It requires a state, when it administers licensing or professional examinations, to offer such examinations "in a place or manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. Clearly, § 12189 does more than merely prohibit unconstitutional discrimination against the disabled. See Reickenbacker, 274 F.3d at 983. (Reickenbacker v. Foster) The US Supreme Court clearly states that Title II is constitutional and enforceable as it applies to the class of cases that implicate the fundamental right of access to the courtS.[d.; see also Goodman v. Georgia, 126 S.Ct. 877, 880-81 (2006) (ruling that the denial of access to programs and "amount to 'exclusion from participation in or ... den[ial] benefit of the person's 'services, programs or activities.'"). Title II and Sec 504 as are all government and federal services, and also characterized this denial as an unconstitutional deprivation of rights .. It conflicts with what the United States Supreme Court has also concluded Lane,[541 U.S. at 513, 533-34.](Tenessee v Lane)

The First Amendment of the Constitution guarantees that "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people . . . to petition the government for a redress of grievances." (U.S. C ONST . amend. I.) To provide this protection, the Supreme Court has recognized that the First Amendment prohibits government officials from retaliating against individuals for exercising their protected speech and that the right to be free from retaliation is clearly established. ( See Hartman, 547 U.S. at 250 ("[T]he First Amendment prohibits governmental officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out."); Crawford-El v. Britton, 523 U.S. 574, 592 (1998) ("[T]he general rule has long been clearly established . . . [that] the First Amendment bars retaliation for protected speech . . . .").(See 28 C.F.R. 35.134 / 28 C.F.R. 36.206)                                    6.

Take the case of Simon Glik who was arrested in 2007 by Boston police for recording the arrest of another citizen. Glik was charged, among other violations, with violating the state's eavesdropping law which prohibited the surreptitious recording of oral conversations. Those charges were dropped and he commenced a federal civil rights lawsuit against the officers and the police department. After a widely heralded decision by the U.S. Court of Appeal for the First Circuit, upholding "the fundamental a virtually self-evident nature of the First Amendment's protections" of the "right to film government officials or matters of public interest in public space," the case was recently settled with the City of Boston paying Glik $170,000. That amount does included the violations of the ADA.

  In Fitzpatrick v. Bitzer, 427 U. S. 445 (1976), held that congress can abrogate a State's sovereign immunity when it does so pursuant to a valid exercise of its power under §5 of the Fourteenth Amendment to enforce the substantive guarantees of that Amendment. citing Ex parte Virginia, 100 U. S. 339, 346 (1880). It includes "the authority both to remedy and to deter violation of rights guaranteed [by the Fourteenth Amendment] by prohibiting a somewhat broader swath of conduct, including that which is not itself forbidden by the Amendment's text." Kimel, 538 U. S. 721, 727-728 (2003). See also city of Boerne v. Flores, 521 U. S. 507, 518 (1997). The Eleventh Amendment renders the States immune from "any suit in law or equity, commenced or prosecuted by citizens of another State, or by citizens or Subjects of any Foreign State." Even though the Amendment "by its terms applies only to suits against a State by citizens of another State," The united States Supreme courts cases have repeatedly held that this immunity also applies to unconsented suits brought by a State's own citizens. Garrett, 528 U. S. 62, 72-73 (2000). The united States Supreme Court has also held that Congress may abrogate the State's Eleventh Amendment immunity. Attitudinal barriers, which result in stigmatisation and discrimination, deny people with disabilities their dignity and potential and are one of the greatest obstacles to achieving equality of opportunity and social integration (Wapling & Downie, 2012, p. 21; UNICEF, 2013, p. 11; Heymann et al., 2014, p. 6; Bruijn et al., 2012, pp. 21-22). Negative attitudes create a disabling environment across all domains (WHO & World Bank, 2011, p. 193, 262). They are often expressed through: the inability of non-disabled to see past the impairment; discrimination; fear; bullying; and low expectations of people with disabilities (DFID, 2000, p. 8; WHO & World Bank, 2011, p. 6, 262; UNICEF, 2013, p. 11 ).) and institutional barriers( Institutional barriers include many laws, policies, strategies or practices that discriminate against people with disabilities (Wapling & Downie, 2012, p. 21; DFID, 2000, p. 8; WHO & World Bank, 2011, p. 6, 262; Bruijn et al., 2012, p. 23). to exclude Mr. MAPES a full and equal right of accessing services. The Americans with Disabilities Act (ADA) ( Americans with Disabilities Act of 1990, Pub. L. No. 101–336 (codified as amended at 42 U.S.C. §§ 12101–12213 (2000)).is the central law recognizing this reality for Mr. MAPES living with mental disabilities ,hearing loss, and a rare speech disorder.(See The Matthew Shepard and James Byrd Jr. Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249 that was amended and shown a "crime"for someone to use "actual" or perceived disability of the disabled party experiencing it which Mr. Eric J. MAPES is/has incurred in this inhumane and appalling circumstance

  It is not difficult to perceive the harm that title II and title III of the Americans with disabilities act is designed to address. the historical experience that title II reflects is also documented in the United States Supreme Court's cases, which have identified unconstitutional treatment of disabled persons by state agencies and also places of public accommodation working with a State in a variety of settings. Notably, these decisions also demonstrate a pattern of unconstitutional treatment in the administration of justice. Found pursuant to the ADA title II and title III (access and fair services)is a valid abrogation of the 11th Amendment (Tennessee v. Lane, 541 U.S. 509 (2004)) and even. Access to the courts shown being a fundamental right. See Tennessee v. Lane, 541 U.S. 509,522,524,529, 531, 534(2004). the ADA applies to even private and non-proft places.

7.

## VI. CONCLUSION

Disability discrimination and retaliation is a" ubiquitous and persistent problem when it comes to accessibility....Many are in fear for speaking out because of how other treat the disabled for speaking out. We must consider several factors, including whether the Petitioner has shown that it is likely to succeed on the merits of its request, the degree of hardship caused by a request or its denial, and the public interest in granting or denying a hearing. We assess those factors in light of the evidence put forward by by the Petitioner at this very preliminary stage and are mindful that our analysis of the hardships and public interest in this case involves particularly sensitive and weighty concerns on both sides. Nevertheless, we hold that the Petitioner has shown a likelihood of success on the merits of its request.

The Petitioner has shown that he is entitled to the protection of law in threatening and appalling situation for this, and is requesting [I]mediate relief and the protections entitled to him under the law by appointing counsel and allowing a Federal Civil Suit to be filed on Mr. Eric J. MAPES' behalf by a Federal attorney because Mr. Eric J. MAPES is in fear of further judicial bullying.

The Petitioner also seeks further Relief, For the reasons set forth above, this action against Mr. Eric J. MAPES by the State of Indiana [ State of Indiana v. Eric Mapes Case No.: 49G08-1901-CM-002715 Marion Superior Court should be DISMISSED for lack of personal jurisdiction and improper venue, as well they conflict with the rights and protections of Disabled Americans under U.S and Federal Laws.

I declare under the penalty of perjury pursuant to 28 U.S.C. ' 1746 , that the foregoing is true and correct to the best of My knowledge.

Very truly

### CERTIFICATE OF SERVICE

I, Mr. Eric: J. MAPES., do swear or declare that on this date, *11th*, February 2019, I have sent an original true and correct copy of my FEDERAL QUESTION & Certificate of Service (8 PAGES) with attached and all the other correct Court Forms and cover sheets)to the addressed Court via United States Certified Mail to:

1. United States District Court
   Northern District of Indiana
   1300 S. Harrison St.
   Fort Wayne, IN 46802

I declare under the penalty of perjury pursuant to 28 U.S.C. ' 1746 , that the foregoing is true and correct to the best of My knowledge.

DATE: 2/11/19

# EXHIBIT A



EXHIBIT A
CONTRACTUAL "INTEREST
" Private Records"

February 05, 2019

Mr. Eric Mapes 

Dear Mr. Mapes:

Alaska USA Federal Credit Union would like to thank you for your membership over the years. This letter is in regards to Alaska USA's offering of Allpoint Surcharge-Free ATMs. Your Alaska USA Visa Debit or ATM Card can be used to access over 55,000 surcharge-free ATMs worldwide. Allpoint ATMs are conveniently located in leading local, regional, and national retailers, including many Costco, Target, 7-Eleven, Safeway, Walgreens, CVS, and Kroger stores. Based on your account activity the closest Allpoint ATM is located in the CVS at 3808 E Washington Indianapolis, IN 46201.

If you have any further questions, I can be reached at (907) 646-6653, Monday through Friday, from 9:00 a.m. to 5:30 p.m., Alaska Time.

Sincerely,

*June Gardner*

June Gardner
Vice President,
Operations

Private Records"



# Money from Debbie is on the way!

REFERENCE NO.
35640901

SENT TO
Eric Mapes, United States

AMOUNT
80.00 USD

RECEIVE OPTION
Cash Pickup

DATE PREPARED
January 21, 2019 at 8:47:55 AM CST

**SHARE** 

Read note... cations.google.com

Allpoint - ATM Locator
www.allpointnetwork.com/locator.aspx ▼
Allpoint Kings Market 12923 Martin Luther King Jr Way S Seattle, WA 98178 2.69 miles Send To:
Email | Mobile Get Directions ...

≡ More locations

A  Cardtronics ATM
   444 E 10th St

B  All Point ATM
   3805 E Washington St
   Open 24 Hours

C  Cardtronics ATM
   Speedway
   5103 E Washington St

Hours ▼



Map data ©2019 Google

WEBSITE ⊕    DIRECTIONS ◈

WEBSITE ⊕    DIRECTIONS ◈

DIRECTIONS ◈

Allpoint - ATM Locator
www.allpointnetwork.com/atm-locators.aspx ⊘
Allpoint CVS 2100 W El Dorado Pkwy Mckinney, TX 75070 2.89 miles . Send To: Email | Mobile Get
Directions . Allpoint Racetrac 3425 Legacy Dr Frisco, TX ...

"Private Records")



# EXHIBIT B

STATE OF INDIANA  )          IN THE MARION SUPERIOR COURT

MARION COUNTY, SS  )          CRIMINAL DIVISION

STATE OF INDIANA  )
                  )          Cause No.: 49
      vs.         )
                  )
ERIC MAPES        )
Defendant         )
RACE  W  SEX M    )
DOB: 1/19/1979    )

## COURT ORDER

1.   THE DEFENDANT IS ORDERED TO STAY AWAY FROM:

     All CVS stores in Marion County Indiana

2.   This order remains in effect until, it is vacated by a Court of Appropriate Jurisdiction, or until the case has been tried or otherwise disposed.

     DATE:___January 23, 2019_____          _____
                                        Judge

### STATEMENT OF THE DEFENDANT

I have read the above Order and I understand it.  A copy of this order has been given to me this _____ day of _____, 2019.


                                        _____
                                        Signature of Defendant

# EXHIBIT B   : Expate Hearing held without Mr Eric J. MAPES to show direc

**Disability Abuse** Disability abuse is when a person with a disability is abused **physically, financially,** sexually **and/or psychologically due to the person having a disability.**

**This ORDER supports disability abuse and a Judge using Mr. MAPES' income in a legal process(  Title II, Section 207 of the Social Security Act( SSR73-22c: Section 207 (42 U.S.C. 407) of 1935 provides the most broadly applicable exemption.**